[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13701
Non-Argument Calendar
_____

D.C. Docket No. 3:06-cr-00338-VMC-TEM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMIE LARUN MOBLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 11, 2013)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Jamie Larun Mobley, a federal prisoner convicted of a crack cocaine

offense, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for

a sentence reduction based on Amendment 750 to the Sentencing Guidelines, which revised the crack cocaine quantity tables in U.S.S.G. § 2D1.1(c).  See U.S.S.G. App. C, amend. 750 (Nov. 2011).  The district court concluded that Mobley was ineligible for a § 3582(c)(2) reduction because Mobley's 151-month sentence was based on his status as a career offender, pursuant to U.S.S.G. § 4B1.1.  After review, we affirm.[1]

Pursuant to § 3582(c)(2), the district court may reduce a defendant's prison term if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)."  18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1).  However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); see also U.S.S.G. § 1B1.10(a)(2)(B) (providing that a § 3582(c)(2) reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range").

A sentence reduction is not authorized if the amendment does not lower the defendant's applicable guidelines range "because of the operation of another

---

[1]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

2

guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A).  As such, when a crack cocaine defendant's offense level was determined by the career offender provision, U.S.S.G. § 4B1.1, rather than § 2D1.1(c), the defendant is not eligible for a § 3582(c)(2) reduction based on amendments to the crack cocaine offense levels in § 2D1.1(c) because those amendments did not lower the sentencing range upon which the defendant's sentence was based.  See Moore, 541 F.3d at 1327 (involving Amendment 706).

The district court did not err in denying Mobley's request for a § 3582(c)(2) reduction.  At his sentencing, Mobley was designated a career offender, and his offense level and resulting sentencing range were based on U.S.S.G. § 4B1.1, not on U.S.S.G. § 2D1.1(c).  Amendment 750 did not affect the offense levels in § 4B1.1 and therefore did not lower Mobley's sentencing range.  Under our binding precedent in Moore, the district court did not have authority under § 3582(c)(2) to reduce Mobley's sentence.

Although Mobley argues that Moore was abrogated by the Supreme Court's recent decision in Freeman v. United States, 564 U.S. ___, 131 S. Ct. 2685 (2011), this Court recently rejected that argument in United States v. Lawson.  See United States v. Lawson, 686 F.3d 1317, 1320-21 (11th Cir.), cert. denied, ___ U.S. ___, 133 S. Ct. 568 (2012) (concluding that, even after Freeman, Moore remains binding precedent in our Circuit).

3

Mobley contends that Lawson "should not control [his] appeal" because, unlike the defendant in Lawson, Mobley received a U.S.S.G. § 5K1.1 downward departure for substantial assistance and was ultimately sentenced below his career offender guidelines range. This factual distinction is not a basis to ignore Lawson's conclusion that Freeman did not overrule Moore. Moreover, it is not Lawson, but Moore that controls Mobley's appeal. In Moore, one of the defendants, like Mobley, received a substantial assistance downward departure. 541 F.3d at 1330. Yet, we concluded in Moore that the defendant's sentence was based on his career offender sentencing range and that he was therefore ineligible for a § 3582(c)(2) reduction. Id. We remain bound by Moore, and, under Moore, Mobley was not eligible for a § 3582(c)(2) sentence reduction.

For these reasons, the district court correctly concluded it did not have authority to reduce Mobley's sentence under § 3582(c)(2).

**AFFIRMED.**